

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

| | |
|---|---|
| *CHRISTOPHER J. CHRISTIE*<br>*United States Attorney*<br><br>*JASON M. RICHARDSON*<br>*Assistant U.S. Attorney* | *CAMDEN FEDERAL BUILDING & U.S. COURTHOUSE*  856/757-5026<br>*401 Market Street, 4th Floor*  Fax: 856/968-4917<br>Post Office Box 2098  Direct Dial: 856/968-4869<br>Camden, New Jersey 081 |

April 20, 2006

Troy A. Archie, Esquire
King Archie & King
Old Firehouse #6
339 Front Street, Suite D
Camden, NJ 08102

      Re:    <u>Plea Agreement with Kemyra Jemerson</u>   05-888-08 (FLW)

Dear Mr. Archie:

      This letter sets forth the plea agreement between your client, Kemyra Jemerson, and the United States Attorney for the District of New Jersey ("this Office").

<u>Charge</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Kemyra Jemerson to a two-count Superseding Information, Criminal No. 05-888 (FLW). Count 1 of the Superseding Information charges Kemyra Jemerson with conspiracy to transport minors in interstate commerce to engage in prostitution, contrary to 18 U.S.C. § 2423(a), in violation of 18 U.S.C. § 2423(e). Count 2 charges Kemyra Jemerson with conspiracy to commit money laundering contrary to 18 U.S.C. § 1956, in violation of 18 U.S.C. § 1956(h). If Kemyra Jemerson enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Kemyra Jemerson for involvement in Matthew Thompkins' minor and adult prostitution and money laundering enterprise from in or about January 1999 to December 2005. However, in the event that the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Kemyra Jemerson may be commenced against her, notwithstanding the expiration of the limitations period after Kemyra Jemerson signs the agreement. Kemyra Jemerson agrees to waive any statute of limitations with respect to any crime that would otherwise expire after Kemyra Jemerson signs the agreement.

<u>Sentencing</u>

      The violation of 18 U.S.C. § 2423(e) in Count 1 to which Kemyra Jemerson agrees to plead guilty carries a statutory mandatory minimum prison sentence of 5 years and a statutory maximum prison sentence of 30 years, and a statutory maximum fine equal to the greatest of: (1)

$250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. The violation of 18 U.S.C. § 1956(h) in Count 2 to which Kemyra Jemerson agrees to plead guilty carries a statutory maximum prison term of 20 years, and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. The sentence on each count may run consecutively. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Kemyra Jemerson is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742 and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Kemyra Jemerson ultimately will receive.

Further, in addition to imposing any other penalty on Kemyra Jemerson, the sentencing judge: (1) will order Kemyra Jemerson to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Kemyra Jemerson to pay restitution on Count 1 and will order Kemyra Jemerson to pay restitution on Count 2 pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order Kemyra Jemerson, pursuant to 18 U.S.C. § 3555, to give notice to any victims of her offenses; (4) must order forfeiture, pursuant to 18 U.S.C. § 2253; and (5) pursuant to 18 U.S.C. § 3583, may require Kemyra Jemerson to serve a term of supervised release of up to life on Count 1 and three years on Count 2, which will begin at the expiration of any term of imprisonment imposed. Should Kemyra Jemerson be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Kemyra Jemerson may be sentenced to not more than 5 years' imprisonment as to Count 1 and not more than 2 years imprisonment as to Count 2 in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Forfeiture

Kemyra Jemerson agrees to forfeit to the United States pursuant to 18 U.S.C. § 2253 any property, personal or real, that constitutes or was derived from any proceeds she obtained directly or indirectly as a result of her participation in the offenses for which she is pleading guilty. In an effort to assist in this process, Kemyra Jemerson agrees to provide a complete written accounting of all assets, funds, property and/or trusts owned or controlled by her within three weeks from the date that her guilty plea is entered before the Court.


### Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Kemyra Jemerson by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Kemyra Jemerson's activities and relevant conduct with respect to this case.

### Stipulations

This Office and Kemyra Jemerson agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Kemyra Jemerson from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Kemyra Jemerson waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

### Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that

may be pending or commenced in the future against Kemyra Jemerson. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil proceeding against Kemyra Jemerson.

No Other Promises

This agreement constitutes the plea agreement between Kemyra Jemerson and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CHRISTOPHER J. CHRISTIE
United States Attorney

By: JASON M. RICHARDSON
Assistant U.S. Attorney

SHERRI A. STEPHAN
Trial Attorney, Child Exploitation
and Obscenity Section
U.S. Department of Justice

APPROVED:

WILLIAM FITZPATRICK
Deputy U.S. Attorney

I have received this letter from my attorney, Troy A. Archie, Esquire, I have read it. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I further understand that I am giving up certain important rights, including my right to trial by jury, my right to appeal the conviction and sentence in this case, and my right to file a petition for habeas corpus pursuant to 28 U.S.C. § 2255. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

AGREED AND ACCEPTED:

_____          Date: 5/7/06
Kemyra Jemerson

_____          Date: 5/7/06
Troy A. Archie, Esquire

## Plea Agreement With Kemyra Jemerson

### Schedule A

1. This Office and Kemyra Jemerson recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Kemyra Jemerson nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Kemyra Jemerson within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Kemyra Jemerson further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

### COUNT 1

2. The version of the United States Sentencing Guidelines effective November 1, 2005 applies in this case. The applicable guideline is U.S.S.G. § 2G1.3. This guideline carries a Base Offense Level of 24.

3. The offense involved the commission of a sex act or sexual conduct and a commercial sex act. Pursuant to U.S.S.G. § 2G1.3(b)(4), defendant's base offense level is increased 2 levels.

4. The offense involved more than one minor; Chapter Three, Part D (multiple counts) shall be applied as if the persuasion, enticement, coercion, travel, or transportation to engage in a prohibited sexual conduct of each victim has been contained in separate counts of conviction. U.S.S.G. § 2G1.3(d).

5. During the course of the conspiracy, three (3) minors were transported across state lines for the purposes of prostitution and each will be treated as a separate count. Each of the 3 counts have an offense level of 26. Multiple counts involving more than one victim are not grouped together under U.S.S.G. § 3D1.2.

6. These two offenses do not group together pursuant to U.S.S.G. § 3D1.2, and each woman is considered a separate group, for a total of 3 units pursuant to U.S.S.G. § 3D1.4(a).

7. Pursuant to U.S.S.G. § 3D1.4, there are 3 or more units, requiring a 3 level upward adjustment to the group with the highest offense level (i.e., offense level 26) for a total offense level of 29.

8. Therefore the adjusted offense level for Count 1 is 29.

## COUNT 2

9. The offense conduct covered the period from in or about January 1999 through in or about December 2005.

10. The applicable guideline is U.S.S.G. § 2S1.1. This guideline carries a base offense level of 24, which is the applicable guideline level for the underlying offense, that is the conspiracy to transport minors in interstate commerce for purposes of prostitute, from which the laundered funds were derived. U.S.S.G. § 2S1.1(a)(1).

11. Kemyra Jemerson was convicted under18 U.S.C. §1956, the offense level is increased by 2 levels. U.S.S.G. § 2S1.1(b)(2)(B).

12. Therefore, the adjusted offense level for Count 2 is 26.

## ALL COUNTS

13. Pursuant to § 3D1.2(c), Count 1 and Count 2 group together for purposes of the Guidelines and shall be grouped together into a single group because one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the counts.

14. Pursuant to § 3D1.3(a), the offense level applicable to a group is the offense level for the most serious of the counts comprising the group. Therefore, Kemyra Jemerson's total offense level is 29.

15. As of the date of this letter, Kemyra Jemerson has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Kemyra Jemerson's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

16. Provided Kemyra Jemerson signs and returns this agreement by **MAY 31, 2006**, and does not later indicate an intention not to enter a plea of guilty, thereby forcing the government to prepare for trial, the government will move the sentencing judge, pursuant to §3E1.1(b), to decrease the offense level by 1 additional level. This stipulation applies if Kemyra Jemerson's acceptance of responsibility continues through the date of sentencing and the offense level is 16 or greater.

17. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Kemyra Jemerson is 26 (the "agreed total Guidelines offense level").

18. The parties agree not to seek or argue for any upward or downward departure or any upward or downward adjustment not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 26 is reasonable.

19. Kemyra Jemerson knows that she has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 26. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 26. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

20. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.